UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 321 T

ANTHONY D. IZZI :
v. : C.A. No. 2004-
UNITED PARCEL SERVICE, INC. :

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), defendant United Parcel Service, Inc. ("UPS") removes this action to the United States District Court for the District of Rhode Island. As grounds for this removal, UPS states as follows:

1. On July 9, 2004, UPS received via mail copies of the Summons and Complaint attached hereto as Exhibit A.

2. UPS is a New York corporation with a principal place of business in Atlanta, Georgia.

3. Plaintiff Anthony D. Izzi ("Izzi") is a resident of the state of Rhode Island. See Complaint ¶ 3.

4. The amount in controversy, while not specifically enumerated in the Complaint, contemplates an amount exceeding $75,000.00, exclusive of interest and costs. Izzi's prayers for relief include claims for compensatory damages, punitive damages and attorneys' fees. *See Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943) (claim for punitive damages is included in the calculation of the amount in controversy); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) (statutorily recoverable attorneys' fees are included in the calculation of the amount in controversy).

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Copies of all process, pleadings and orders served upon UPS in this action are attached hereto as Exhibit A.

(2)

UNITED PARCEL SERVICE, INC.

By Its Attorneys,

Steven M. Richard (#4403)
Tillinghast Licht Perkins Smith & Cohen, LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200
(401) 456-1210 (FAX)

Hugh F. Murray
Murtha Cullina
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6600
(860) 240-6159 (FAX)

CERTIFICATION

I hereby certify that on this 28th day of July, 2004, I mailed a copy of this Notice to Gerard P. Cobleigh, Esq., 70 Jefferson Boulevard, Warwick, Rhode Island 02888 and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, Rhode Island 02903.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;395453;1

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[X] PROVIDENCE /BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 04-3568

ANTHONY D. IZZI
Plaintiff

vs.

UNITED PARCEL SERVICE, INC.
Defendant

*Summons*

RECEIVED
JUL 09 2004
UPS CORPORATE LEGAL
ATLANTA, GA 30328

*To the above-named Defendant:* United Parcel Service, Inc.

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon Carly Beauvais Iafrate Plaintiff's attorney, whose address is 170 Westminster St., Suite 601 Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature] CLERK

Dated: July 7, 2004

(Seal of the Superior Court)

TRUE COPY ATTEST
Thomas Noury
P.O. Box 114026
North Providence, RI 02911

7/8/04 [signature]

S-135 (REV. 4/99)

C.I. - 153

6435536

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY D. IZZI,
Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
Defendant.

C.A. No. 04-3568

RECEIVED
JUL 09 2004
UPS CORPORATE LEGAL
ATLANTA, GA 30328

## COMPLAINT

1. This complaint arises from employment discrimination based on disability.

## JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to G.L. 1956 § 28-5-1 et seq., G.L. 1956 § 42-112-1 et seq., and G.L. 1956 § 42-87-1 et seq.

## PARTIES

3. Plaintiff, Anthony D. Izzi ("Plaintiff"), is a resident of the State of Rhode Island and a United States citizen.

4. Defendant, United Parcel Service, Inc. ("Defendant"), is a New York corporation duly licensed and doing business in Warwick, Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about May 12, 2003, charges of discrimination, based upon disability, were timely filed with the Rhode Island Commission for Human Rights ("Commission").

6. On or about April 23, 2004, the Commission issued a "Notice of Right to Sue."

7. This complaint has been filed within ninety (90) days of the receipt of the "Notice of Right to Sue."

Rec'd 7-1-04 PS



(1)

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant in 1996 as a driver.

9. Plaintiff drove trucks for Defendant, with an approximate weight of 10,000 to 26,001 pounds (large trucks).

10. Plaintiff has an impairment which substantially limits at least one major life activity in that he has diabetes mellitus with insulin control.

11. After being diagnosed, Plaintiff told Defendant about his disability.

12. In October 2002, Plaintiff passed a physical required by Defendant to certify his fitness as a driver.

13. For at least several weeks, Plaintiff continued to drive large trucks.

14. Defendant then required Plaintiff to see a different physician.

15. Defendant told Plaintiff that if he did not pass the second test, he would no longer be allowed to drive large trucks because of his disability.

16. Plaintiff passed all of the tests with the Defendant's physician. However, when Plaintiff told Defendant's physician about his disability, he was told he could not be certified to drive.

17. When Plaintiff reported to work immediately after the appointment with its physician, Defendant refused to allow him to drive.

18. Instead, Defendant was demoted to a third shift inside load/unloader night shift position and removed him from his position as first shift driver.

19. Approximately one month after the demotion, Defendant reduced Plaintiff's pay.

20. Since Plaintiff's demotion, on at least one occasion, Defendant has requested Plaintiff to drive a truck.

22. Plaintiff requested a reasonable accommodation instead of the demotion.

22. For example, Plaintiff asked that he at least be allowed to drive trucks that were under 10,000 pounds (small trucks).

23. Defendant denied this request for a reasonable accommodation.

24. Upon information and belief, persons with less seniority than Plaintiff drive small trucks.

25. Upon information and belief, Plaintiff was replaced by a non-disabled person.

26. Defendant stated reason for demoting Plaintiff is because he has diabetes mellitus with insulin-control and/or that his disability prevents him from driving large trucks under state and/or federal law.

27. Defendant's stated reason(s) for refusing to allow Plaintiff to drive, for demoting Plaintiff and for reducing his pay are pretext for discrimination.

28. Plaintiff is not required to hold a commercial drivers' license in order to drive these large trucks.

29. Plaintiff has an actual disability which substantially limits one or more major life activities.

30. Plaintiff has a record of an impairment which substantially limits one or more major life activities

31. Defendant perceived Plaintiff as having an impairment which substantially limits one or more major life activities.

32. Plaintiff was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation.

33. Defendant treated Plaintiff differently, than similarly-situated non-disabled persons, in whole or in part, because of his disability.

34. Plaintiff performed his duties and responsibilities in at least a satisfactory manner during the entire time he was employed by Defendant.

## <u>COUNT I</u>

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Disparate Treatment)**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. By the aforesaid actions, Defendant intentionally violated the FEPA by discriminating against the Plaintiff based upon his disability.

37. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT II**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Treatment)**

38. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

39. By the aforesaid actions, Defendant intentionally violated the RICRA by discriminating against Plaintiff because of his disability.

40. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT III**

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Treatment)**

41. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

42. By the aforesaid actions, Defendant intentionally violated the CRA by discriminating against Plaintiff because of his disability.

43. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT IV**

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Disparate Impact)**

44. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

45. By the aforesaid actions, Defendant intentionally violated the FEPA.

46. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT V**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Impact)**

47. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

48. By the aforesaid actions, Defendant intentionally violated the RICRA.

49. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VI**

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Impact)**

50. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

51. By the aforesaid actions, Defendant intentionally violated the CRA.

52. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VII**

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Failure to Accommodate)**

53. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

54. By the aforesaid actions, Defendant intentionally violated the FEPA by failing to Accommodate Plaintiff.

55. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VIII**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**

**(Fail·e to Accommodate)**

56. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

57. By the aforesaid actions, Defendant intentionally violated the RICRA by failing to Accommodate Plaintiff.

58. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT IX**

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Failure to Accommodate)**

59. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

60. By the aforesaid actions, Defendant intentionally violated the CRA by failing to Accommodate Plaintiff.

61. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT X**

**Intentional Infliction of Emotional Distress**

62. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

63. By the aforesaid actions, Defendant engaged in extreme and outrageous conduct.

64. The Defendant engaged in this conduct with the intent to cause Plaintiff to suffer emotional distress.

65. The Defendant's conduct caused Plaintiff severe emotional distress.

66. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered physical and emotional damages.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order the Defendant to pay Plaintiff compensatory damages;
(4) order the Defendant to pay Plaintiff punitiv. damages;
(5) order the Defendant to pay Plaintiff liquidated damages;
(6) retain jurisdiction of this action to ensure full compliance;
(7) order the Defendant to pay Plaintiff costs and expenses and reasonable attorneys' fees;
(8) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By his Attorneys,

Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

Dated: