UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHONY D. IZZI :
:
v. : C.A. No. 2004-321-T
:
UNITED PARCEL SERVICE, INC. :

**LOCAL RULE 36(b) FILING**

Pursuant to Local Rule 36(b) and General Order # 2003-1, defendant United Parcel Service, Inc. ("UPS") files the following documents:

Exhibit A: A copy of UPS's notice of removal

Exhibit B: A certified copy of the Rhode Island Superior Court's docket

Exhibit C: A certified copy of plaintiff's complaint filed in the Rhode Island Superior Court

Exhibit D: A certified copy of plaintiff's civil cover sheet filed in the Rhode Island Superior Court

Exhibit E: A certified copy of the removal notice filed in the Rhode Island Superior Court

3

UNITED PARCEL SERVICE, INC.

By Its Attorneys,

Steven M. Richard (#4403)
Tillinghast Licht Perkins Smith & Cohen, LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200
(401) 456-1210 (FAX)

Hugh F. Murray
Murtha Cullina
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6600
(860) 240-6159 (FAX)

## CERTIFICATION

I hereby certify that on this 29th day of July, 2004, I mailed a copy of this Local Rule 36(b) Filing to Gerard P. Cobleigh, Esq., 70 Jefferson Boulevard, Warwick, Rhode Island 02888 and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, Rhode Island 02903.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;389130;1

(A)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY D. IZZI :
v. : C.A. No. 2004- CA 04 321 T
UNITED PARCEL SERVICE, INC. :

FILED JUL 28 2004 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), defendant United Parcel Service, Inc. ("UPS") removes this action to the United States District Court for the District of Rhode Island. As grounds for this removal, UPS states as follows:

1. On July 9, 2004, UPS received via mail copies of the Summons and Complaint attached hereto as Exhibit A.

2. UPS is a New York corporation with a principal place of business in Atlanta, Georgia.

3. Plaintiff Anthony D. Izzi ("Izzi") is a resident of the state of Rhode Island. See Complaint ¶ 3.

4. The amount in controversy, while not specifically enumerated in the Complaint, contemplates an amount exceeding $75,000.00, exclusive of interest and costs. Izzi's prayers for relief include claims for compensatory damages, punitive damages and attorneys' fees. *See Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943) (claim for punitive damages is included in the calculation of the amount in controversy); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) (statutorily recoverable attorneys' fees are included in the calculation of the amount in controversy).

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Copies of all process, pleadings and orders served upon UPS in this action are attached hereto as Exhibit A.

UNITED PARCEL SERVICE, INC.

By Its Attorneys,

Steven M. Richard (#4403)
Tillinghast Licht Perkins Smith & Cohen, LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200
(401) 456-1210 (FAX)

Hugh F. Murray
Murtha Cullina
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6600
(860) 240-6159 (FAX)

CERTIFICATION

I hereby certify that on this 28th day of July, 2004, I mailed a copy of this Notice to Gerard P. Cobleigh, Esq., 70 Jefferson Boulevard, Warwick, Rhode Island 02888 and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, Rhode Island 02903.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;395453;1

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 07/28/2
SUPERIOR COURT CIVIL INFORMATION SYSTEM

(B)

DOCKET EVENT LISTING

CASE NO.: PC2004 3568 TYPE CIVIL RIGHTS/JOB DISCRIMINATION
TITLE: ANTHONY IZZI V UNITED PARCEL SERVICE INC
FILING DATE: 07-01-2004 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| IZZI,ANTHONY | PLF | Iafrate,Carly Beauvais | AOR |
| UNITED PARCEL SERVICE INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| PW | 07-28-2004 | | | |
| NOTICE OF REMOVAL | | | | |
| PW | 07-28-2004 | | | |
| CASE REMOVED TO U.S. DISTRICT CT | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

C

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**ANTHONY D. IZZI,**
**Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**
**Defendant.**

**C.A. No.** 04-3568

## COMPLAINT

1. This complaint arises from employment discrimination based on disability.

## JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to G.L. 1956 § 28-5-1 et seq., G.L. 1956 § 42-112-1 et seq., and G.L. 1956 § 42-87-1 et seq.

## PARTIES

3. Plaintiff, Anthony D. Izzi ("Plaintiff"), is a resident of the State of Rhode Island and a United States citizen.

4. Defendant, United Parcel Service, Inc. ("Defendant"), is a New York corporation duly licensed and doing business in Warwick, Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about May 12, 2003, charges of discrimination, based upon disability, were timely filed with the Rhode Island Commission for Human Rights ("Commission").

6. On or about April 23, 2004, the Commission issued a "Notice of Right to Sue."

7. This complaint has been filed within ninety (90) days of the receipt of the "Notice of Right to Sue."

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
6343
122353

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant in 1996 as a driver.

9. Plaintiff drove trucks for Defendant, with an approximate weight of 10,000 to 26,001 pounds (large trucks).

10. Plaintiff has an impairment which substantially limits at least one major life activity in that he has diabetes mellitus with insulin control.

11. After being diagnosed, Plaintiff told Defendant about his disability.

12. In October 2002, Plaintiff passed a physical required by Defendant to certify his fitness as a driver.

13. For at least several weeks, Plaintiff continued to drive large trucks.

14. Defendant then required Plaintiff to see a different physician.

15. Defendant told Plaintiff that if he did not pass the second test, he would no longer be allowed to drive large trucks because of his disability.

16. Plaintiff passed all of the tests with the Defendant's physician. However, when Plaintiff told Defendant's physician about his disability, he was told he could not be certified to drive.

17. When Plaintiff reported to work immediately after the appointment with its physician, Defendant refused to allow him to drive.

18. Instead, Defendant was demoted to a third shift inside load/unloader night shift position and removed him from his position as first shift driver.

19. Approximately one month after the demotion, Defendant reduced Plaintiff's pay.

20. Since Plaintiff's demotion, on at least one occasion, Defendant has requested Plaintiff to drive a truck.

22. Plaintiff requested a reasonable accommodation instead of the demotion.

22. For example, Plaintiff asked that he at least be allowed to drive trucks that were under 10,000 pounds (small trucks).

23. Defendant denied this request for a reasonable accommodation.

Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

24. Upon information and belief, persons with less seniority than Plaintiff drive small trucks.

25. Upon information and belief, Plaintiff was replaced by a non-disabled person.

26. Defendant stated reason for demoting Plaintiff is because he has diabetes mellitus with insulin-control and/or that his disability prevents him from driving large trucks under state and/or federal law.

27. Defendant's stated reason(s) for refusing to allow Plaintiff to drive, for demoting Plaintiff and for reducing his pay are pretext for discrimination.

28. Plaintiff is not required to hold a commercial drivers' license in order to drive these large trucks.

29. Plaintiff has an actual disability which substantially limits one or more major life activities.

30. Plaintiff has a record of an impairment which substantially limits one or more major life activities

31. Defendant perceived Plaintiff as having an impairment which substantially limits one or more major life activities.

32. Plaintiff was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation.

33. Defendant treated Plaintiff differently, than similarly-situated non-disabled persons, in whole or in part, because of his disability.

34. Plaintiff performed his duties and responsibilities in at least a satisfactory manner during the entire time he was employed by Defendant.

## COUNT I

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Disparate Treatment)**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. By the aforesaid actions, Defendant intentionally violated the FEPA by discriminating against the Plaintiff based upon his disability.

37. Plaintiff is damaged as a proximate result of this intentional conduct.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## COUNT II

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Treatment)**

38. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

39. By the aforesaid actions, Defendant intentionally violated the RICRA by discriminating against Plaintiff because of his disability.

40. Plaintiff is damaged as a proximate result of this intentional conduct.

## COUNT III

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Treatment)**

41. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

42. By the aforesaid actions, Defendant intentionally violated the CRA by discriminating against Plaintiff because of his disability.

43. Plaintiff is damaged as a proximate result of this intentional conduct.

## COUNT IV

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Disparate Impact)**

44. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

45. By the aforesaid actions, Defendant intentionally violated the FEPA.

46. Plaintiff is damaged as a proximate result of this intentional conduct.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT V**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Impact)**

47. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

48. By the aforesaid actions, Defendant intentionally violated the RICRA.

49. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VI**

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Impact)**

50. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

51. By the aforesaid actions, Defendant intentionally violated the CRA.

52. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VII**

**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Failure to Accommodate)**

53. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

54. By the aforesaid actions, Defendant intentionally violated the FEPA by failing to Accommodate Plaintiff.

55. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT VIII**

**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**(Failure to Accommodate)**

56. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

57. By the aforesaid actions, Defendant intentionally violated the RICRA by failing to Accommodate Plaintiff.

58. Plaintiff is damaged as a proximate result of this intentional conduct.

## COUNT IX

**Rhode Island Civil Rights of People With Disabilities Act ("CRA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Failure to Accommodate)**

59. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

60. By the aforesaid actions, Defendant intentionally violated the CRA by failing to Accommodate Plaintiff.

61. Plaintiff is damaged as a proximate result of this intentional conduct.

## COUNT X

**Intentional Infliction of Emotional Distress**

62. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

63. By the aforesaid actions, Defendant engaged in extreme and outrageous conduct.

64. The Defendant engaged in this conduct with the intent to cause Plaintiff to suffer emotional distress.

65. The Defendant's conduct caused Plaintiff severe emotional distress.

66. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered physical and emotional damages.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order the Defendant to pay Plaintiff compensatory damages;
(4) order the Defendant to pay Plaintiff punitive damages;
(5) order the Defendant to pay Plaintiff liquidated damages;
(6) retain jurisdiction of this action to ensure full compliance;
(7) order the Defendant to pay Plaintiff costs and expenses and reasonable attorneys' fees;
(8) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff.
By his Attorneys,

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

True Copy Attest
Office ... Court
Counties ... & Bristol
Providence, Rhode Island

Dated:

STATE OF RHODE ISLAND
SUPERIOR COURT

CASE COVER SHEET

Case * (Filled in by Clerk's Office)

his form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a istrict Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the uperior Court.

| LAINTIFFS: | DEFENDANTS: |
|---|---|
| Anthony D. Izzi | United Parcel Service, Inc. |

IATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**istrict Court Appeal** ☐ Yes (check type below)

☐ AGA Agency appeal
☐ ANT Anti-trust
☐ ASB Assault and battery
☐ BKA Book account
☐ CIC Criminal inj. compensation
☐ CLA Common law assignment
☐ CLL Common law lien
☐ CON Contract
☐ CNV Conversion
☐ CRC Criminal conversation
☐ CRJ Civil Rights Job Discrimination
☐ DEJ Declaratory judgment
☐ DIN Recovery of damages/insurance
☐ DOJ Debt on judgment
☐ DPC Denial of probate claim
☐ Other than above (specify type):

☐ DTP Deceptive trade practice
☐ EXT Excessive tax
☐ FOR Forfeiture
☐ FRJ Foreign Judgment
☐ IDV Personal inj./property dam-vehicle
☐ INR Injunctive relief
☐ IPL Interpleader
☐ LIB Libel/slander
☐ MLE Malpractice/legal
☐ MME Malpractice/medical
☐ MOT Malpractice/other
☐ PDM Property damage
☐ PDV Property damage / vehicle
☐ PER Personal injury
☐ PIV Personal injury-vehicle
☐ PRL Product liabilty

☐ PRN Promissory note
☐ PRT Partition
☐ RIC Reinstate charter
☐ RLP Real property
☐ ROF Recovery of funds
☐ SAB Sexual abuse
☐ SPP Specific performance
☐ SXH Sexual harassment
☐ TAE Trespass and ejectment
☐ TCO Title clearing (other than tax title)
☐ TCT Trustee/appt convey title
☐ TRA Trustee/accounting
☐ UNM Uninsured motorist
☐ WOM Mandamus. Writ of
☐ WOR Replevin, Writ of
☐ WRD Wrongful death

MISCELLANEOUS PETITIONS

☐ AOD Assessment of damages
☐ AOS Trustee successor
☐ AOT Trustee / appointment of
☐ ARA Arbitration award
☐ CAR Arbitration /confirm
☐ CFC Confirm compromise
☐ CND Condemnation
☐ CNT Contempt
☐ DOC Dissolution of corp.
☐ DOT Trustee / declination of
☐ DSC Disclaimer
☐ Other than above (specify type):

☐ EDP End partnership
☐ FOC Forfeiture of charter
☐ FRR Forclosure of right redemption
☐ GJI Grand jury investigation
☐ HAC Habeas corpus
☐ MAW Material witness
☐ MEL Mechanics lien
☐ OSW Out of state witness
☐ PCR Post conviction relief
☐ PFC Petition for constable
☐ PFI Petition for immunity

☐ PFR Petition for review
☐ PFS Perform surgery
☐ PIN Pet for inventory (wire tap)
☐ PTD Pet to take deposition
☐ PTE Petition to expunge
☐ R5A Rule 5A petition
☐ REC Receivership
☐ RTA Arbitration referral
☐ TCL Title clearing (tax title)
☐ TLF Foreclosure / tax lien
☐ VAR Arbitration / vacate

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

s this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☐ Jury or ☐ Non-jury

Attorney name and Registration # Cathy B. Imrate, # 63... 20/04 (Date)

Pro se/Name ____________________

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

C-223 (Rev. 6/00)

# STATE OF RHODE ISLAND
## Superior Court
## RECEIPT

PROVIDENCE/BRISTOL COUNTY
250 Benefit St., Providence, RI
Tel. (401) 222-3235 02903-2794

7-1-04
date received

Gerard Cobleigh, Esq.
received from

tel. no.

Anthony United
address

Izzi vs. Parcel
case title

2392

04-3568
case no.

☐ Cash ☒ Check ☐ Money Order

| TRANSACTION TYPE | AMOUNT |
|---|---|
| Civil Division | |
| Civil case filing fee | $ 160 — |
| Execution fee | $ |
| Copies | $ |
| | $ |
| Other: | $ |
| | $ |
| | $ |
| | |
| | $ |
| | $ |
| | $ |
| TOTAL | $ 160 — |

122353
recpt. no.

KS
received by

27306

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY D. IZZI :
:
v. : C.A. No. 04-3568
:
UNITED PARCEL SERVICE, INC. :

**NOTICE OF THE FILING OF A**
**REMOVAL TO FEDERAL DISTRICT COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

NOTICE IS HEREBY GIVEN that on July 28, 2004, defendant UNITED PARCEL SERVICE, INC., filed a Notice of Removal of Civil Action in the United States Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1441(a) and 1446. A copy of the conformed "Notice of Removal of Civil Action" is attached hereto.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(a), the filing of the "Notice of Removal" in the United States District Court for the District of Rhode Island, and the filing of this "Notice of Filing of Notice of Removal," with this Court, effected the removal of this action and this Court may not proceed further unless and until the action is remanded.

UNITED PARCEL SERVICE, INC.

By Its Attorneys,

Steven M. Richard (#4403)
Tillinghast Licht Perkins Smith & Cohen, LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200
(401) 456-1210 (FAX)

Hugh F. Murray
Murtha Cullina
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6600
(860) 240-6159 (FAX)

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2004 JUL 28 P 3: 01

CERTIFICATION

I hereby certify that on this 28th day of July, 2004, I mailed a copy of this Notice to Gerard P. Cobleigh, Esq., 70 Jefferson Boulevard, Warwick, Rhode Island 02888 and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, Rhode Island 02903.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;395454;1

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY D. IZZI :
:
v. : C.A. No. 2004 CA 04 321 T
:
UNITED PARCEL SERVICE, INC. :

FILED JUL 28 2004 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), defendant United Parcel Service, Inc. ("UPS") removes this action to the United States District Court for the District of Rhode Island. As grounds for this removal, UPS states as follows:

1. On July 9, 2004, UPS received via mail copies of the Summons and Complaint attached hereto as Exhibit A.

2. UPS is a New York corporation with a principal place of business in Atlanta, Georgia.

3. Plaintiff Anthony D. Izzi ("Izzi") is a resident of the state of Rhode Island. See Complaint ¶ 3.

4. The amount in controversy, while not specifically enumerated in the Complaint, contemplates an amount exceeding $75,000.00, exclusive of interest and costs. Izzi's prayers for relief include claims for compensatory damages, punitive damages and attorneys' fees. *See Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943) (claim for punitive damages is included in the calculation of the amount in controversy); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) (statutorily recoverable attorneys' fees are included in the calculation of the amount in controversy).

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Copies of all process, pleadings and orders served upon UPS in this action are attached hereto as Exhibit A.

rue Copy Attest
[signature]
Office of Clerk of Sup[...] [...]urt
Counties of Providen[...] [...]ristol
Providence, Rhod[...]

UNITED PARCEL SERVICE, INC.

By Its Attorneys,

Steven M. Richard (#4403)
Tillinghast Licht Perkins Smith & Cohen, LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200
(401) 456-1210 (FAX)

Hugh F. Murray
Murtha Cullina
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6600
(860) 240-6159 (FAX)

CERTIFICATION

I hereby certify that on this 28th day of July, 2004, I mailed a copy of this Notice to Gerard P. Cobleigh, Esq., 70 Jefferson Boulevard, Warwick, Rhode Island 02888 and Carly Beauvais Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, Rhode Island 02903.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;395453;1

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island