UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY IZZI | : | |
| | : | |
| v. | : | C.A. No. 2004-321-T |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | |

**DEFENDANT'S ANSWER**

Defendant United Parcel Service, Inc. ("UPS") answers plaintiff's Complaint as follows:

1. UPS admits that the Complaint involves a claim of discrimination, but it denies that any discrimination took place.

JURISDICTION

2. Admit.

PARTIES

3. Admit.

4. Admit.

ADMINISTRATIVE PROCEDURES

5. Admit.

6. Admit.

7. UPS admits that the Complaint was filed within the 90 days, but it notes that the Complaint was not formally served on UPS.

5

STATEMENT OF FACTS

8. Admit.

9. UPS admits that plaintiff drove trucks for UPS, many of which were in the weight range 10,000 to 26,001 pounds.

10. UPS admits that plaintiff has diabetes mellitus with insulin control, but it denies the remaining allegations of the paragraph.

11. UPS admits that, at some point after plaintiff was diagnosed, plaintiff told UPS about his condition.

12. Deny.

13. UPS admits that plaintiff drove large trucks.

14. UPS admits that it required plaintiff to see a physician in connection with required certification.

15. UPS admits that it requires drivers of large trucks to follow federal Department of Transportation ("DOT") requirements concerning medical certification and that someone at UPS likely told plaintiff this fact.

16. UPS denies that plaintiff passed "all" of the tests of the physician. UPS admits that the physician informed plaintiff that he could not issue a DOT medical certification due to plaintiff's diabetic condition.

17. Admit.

18. UPS admits that, in accordance with the collective bargaining agreement governing plaintiff's employment, plaintiff was offered a full time non-driving position.

19. UPS admits that it paid plaintiff according to the collective bargaining agreement governing the terms and conditions of his employment.

20. UPS admits the allegation, but it clarifies that the referenced truck was not a "large truck" as herein defined.

21. No allegation.

22. Deny.

(sic) 22. Admit.

23. UPS admits that it did not assign plaintiff to drive a small truck, but it denies that the request was a reasonable accommodation.

24. Deny.

25. UPS admits that its drivers must be eligible under DOT rules.

26. Admit.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. UPS admits the allegation, except to the extent that DOT certification is seen as a job duty or responsibility.

COUNT I

35. UPS incorporates its responses to 1-34 above.

36. Deny.

37. Deny.

COUNT II

38. UPS incorporates its responses to 1-34 above.

39. Deny.

40. Deny.

COUNT III

41. UPS incorporates its responses to 1-34 above.

42. Deny.

43. Deny.

COUNT IV

44. UPS incorporates its responses to 1-34 above.

45. Deny.

46. Deny.

COUNT V

47. UPS incorporates its responses to 1-34 above.

48. Deny.

49. Deny.

## COUNT VI

50. UPS incorporates its responses to 1-34 above.

51. Deny.

52. Deny.

## COUNT VII

53. UPS incorporates its responses to 1-34 above.

54. Deny.

55. Deny.

## COUNT VIII

56. UPS incorporates its responses to 1-34 above.

57. Deny.

58. Deny.

## COUNT IX

59. UPS incorporates its responses to 1-34 above.

60. Deny.

61. Deny.

## COUNT X

62. UPS incorporates its responses to 1-34 above.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

**<u>FIRST SPECIAL DEFENSE (TO ALL COUNTS)</u>**

Each and every count requires for its resolution the interpretation of a collective bargaining agreement governed by federal labor law and, therefore, each count of the Complaint is preempted by federal law.

**<u>SECOND SPECIAL DEFENSE (TO ALL COUNTS)</u>**

Federal regulations prohibit UPS from allowing plaintiff to drive a large truck and, therefore, any state laws that purport to require UPS to allow plaintiff to drive a large truck are preempted.

**<u>THIRD SPECIAL DEFENSE (TO COUNT X)</u>**

Count X fails to state a claim upon which relief may be granted.

**<u>FOURTH SPECIAL DEFENSE (TO ALL COUNTS)</u>**

Upon information and belief, plaintiff has failed to mitigate his alleged damages.

DEFENDANT – UNITED PARCEL SERVICE, INC.

Steven M. Richard (4403)
Tillinghast Licht Perkins Smith & Cohen
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210
Email: srichard@tlslaw.com

Hugh F. Murray, III
Murtha Cullina LLP
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6159
Email: hmurray@murthalaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 4th day of August, 2004, to Gerard P. Cobleigh,Esq., 70 Jefferson Boulevard, Warwick, RI 02888 and Carly Beauvais Infrate, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903.

Steven M. Richard

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;395871;1