UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED MAR 07 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

ANTHONY D. IZZI
Plaintiff

v.

UNITED PARCEL SERVICE, INC.
Defendant

**CIVIL ACTION NO: 04-321T**

**MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

United Parcel Service Inc. ("UPS") requests that the Confidentiality Agreement and Stipulated Protective Order attached as Exhibit A be entered as an Order of the Court. In support of this motion, UPS states that the parties executed Exhibit A in order to facilitate discovery in this case and to preserve the privacy of certain employees who are not parties to this lawsuit. Counsel for the Plaintiff consents to this Motion.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Hugh Murray (By SMR) 3/7/05

Hugh F. Murray, III
Laurie Alexander-Krom
Murtha Cullina LLP
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6000

Steven Richard 3/7/05

Steven M. Richard (4403)
Tillinghast Licht Perkins Smith & Cohen
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200

ANTHONY IZZI
By his attorneys,

Carly B. Iafrate 3/7/05

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966

Gerard P. Cobleigh (CBI)

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900

GRANTED

Ernest C. Torres

Ernest C. Torres
Chief, US District Judge
3/15/05

17

(k)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY D. IZZI<br>Plaintiff | ) | |
| v. | ) | **CIVIL ACTION NO: 04-321T** |
| UNITED PARCEL SERVICE, INC.<br>Defendant | ) | |

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

WHEREAS, the plaintiff, Anthony Izzi, filed a claim against United Parcel Service Inc. ("UPS") in the State of Rhode Island Superior Court, which was subsequently removed to the United States District Court, for the District of Rhode Island (the "Court"); and

WHEREAS, Mr. Izzi served discovery requests on UPS that call for the production of information about employees other than Mr. Izzi, the disclosure of which could infringe on those employees' privacy or other rights, ("Confidential Information"); and

WHEREAS, UPS wishes to ensure that the Confidential Information is not disclosed outside of this litigation or used for purposes other than this litigation;

NOW, THEREFORE, the parties, by and through their counsel of record, hereby agree to and stipulate to the entry of an order setting forth the following terms:

1. This Confidentiality Agreement and Stipulated Protective Order

("Agreement and Order") shall be applicable to and govern all documents or other material produced or disclosed in this litigation that UPS designates as Confidential Information.

2. As used in this Agreement and Order, "document" includes any employee/personnel record, deposition transcript, exhibit, affidavit, response to interrogatories or other discovery request, pleading, motion, and other document or thing, or any information that can be derived from any document or thing.

3. UPS may in good faith designate any document produced in this action as Confidential Information by labeling or stamping each page of the document (or thing or its container) "CONFIDENTIAL."

4. Any document that has been or will be designated by UPS as Confidential Information in accordance with paragraph 3 and its contents shall not be disclosed by Mr. Izzi or his counsel to any person other than:

(a) employees of Mr. Izzi's counsel;

(b) a deponent during his or her deposition in this litigation;

(c) experts retained to assist Mr. Izzi's counsel in this litigation; and

(d) the Court, the court personnel, and court reporters.

Confidential Information shall not be disclosed to Mr. Izzi and the persons identified in subsections (a) through (c), until such persons execute a written acknowledgment agreeing to be bound by the terms of this Agreement and Order in the form set forth in Exhibit A hereto ("Acknowledgement"). UPS will secure acknowledgment forms from its employees. Mr. Izzi will execute his own acknowledgement form and will secure acknowledgement forms from any of his witnesses who are not UPS employees. Both

UPS and Mr. Izzi shall promptly serve on each other any acknowledgement forms obtained.

5. All Confidential Information produced or disclosed by UPS in the course of this litigation shall be used by the persons to whom production or disclosure is made solely for the purpose of this litigation, and for no other purpose. Any person who receives Confidential Information may only use the information in accordance with the terms of this Agreement and Order.

6. UPS may designate portions of deposition testimony, transcripts, and exhibits as Confidential Information by labeling or stamping pages of the deposition transcript or exhibit "CONFIDENTIAL" and serving copies on counsel for the plaintiff and the court reporter within thirty days after receipt of the deposition transcript by counsel for UPS.

7. Mr. Izzi will notify UPS at least one week prior to filing Confidential Information with the Court.

8. The parties to this Agreement and Order shall attempt to reach a stipulated agreement regarding the use at trial of any Confidential Information. If the parties are unable to stipulate, they will submit the issue to the Court for decision.

9. Mr. Izzi may request the disclosure of Confidential Information to any person other than those set forth in paragraph 4, by serving a written request on UPS' counsel, stating the name of the person to whom disclosure would be made, the reasons for disclosure, and the information to be disclosed. If, within ten business days following service of a request, UPS objects and specifies the basis for its objection in writing, no disclosure shall be made absent a motion by Mr. Izzi requesting disclosure and in

accordance with an Order of the Court allowing disclosure on good cause shown.

10. Nothing in this Agreement and Order shall prevent Mr. Izzi from seeking an Order from the Court declaring that a document should not be subject to the provisions of this Agreement and Order, or from seeking any change or modification to this Agreement and Order.

11. Within thirty days after a termination of this litigation, whether by final adjudication, settlement, or exhaustion of appeals, UPS may request the destruction or return of all documents designated Confidential Information, together with all copies, including extracts or summaries or documents containing Confidential Information, in the actual or constructive custody of the plaintiff. Counsel for Mr. Izzi may, however, retain an archival copy of such documents.

12. This Agreement and Order shall be without prejudice to the rights of UPS or Mr. Izzi to oppose the production of any information or object to its admissibility into evidence on any lawful ground. By entering into this Agreement and Order, neither UPS nor Mr. Izzi concede or waive their objections to producing certain sensitive information; indeed, they contend that even with a confidentiality agreement and protective order in place, providing certain sensitive information may be unwarranted because the relevance of the information may be minimal, because the possibility of improper disclosure, inadvertent or otherwise, exists even with an agreement and order in place, and because the remedy for a violation likely would not cure the harm caused by such information's becoming available to third parties.

13. Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is

filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information shall be subject to review at the request of any party, any member of the public, or the court *sua sponte*.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Hugh Murray (By SMR) 3/7/05

Hugh F. Murray, III
Murtha Cullina LLP
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
(860) 240-6000
Email: hmurray@murthalaw.com

Steven M. Richard 3/7/05

Steven M. Richard (4403)
Tillinghast Licht Perkins Smith & Cohen
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210
Email: srichard@tlslaw.com

ANTHONY IZZI
By his attorneys,

3/7/05

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966

Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401)941-5900

Dated: ______________________

So Ordered: ______________________

## ACKNOWLEDGEMENT

I, ________________________________________, acknowledge and declare that I have received a copy of the Confidentiality Agreement and Stipulated Protective Order ("Agreement and Order") dated , in Anthony Izzi v. United Parcel Service Inc., United States District Court for the District of Rhode Island, C.A. No. 2004-321-T.

Having read and understood the terms of the Agreement and Order, I agree to be bound by its terms. I further understand that by signing below, I consent to the jurisdiction of the United States District Court for the District of Rhode Island for purpose of any proceeding to enforce the terms of the Agreement and Order.

Dated: ________________________

________________________________
(Signature)