**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ANTHONY D. IZZI,** **Plaintiff,** v. **UNITED PARCEL SERVICE, INC., Defendant.** | **C.A. No. 04-321T** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S MORE RESPONSIVE ANSWER TO INTERROGATORY NO. 12**

Now comes Plaintiff, Anthony Izzi ("Plaintiff"), and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court to compel Defendant UPS, Inc. ("Defendant") to provide a further response to Plaintiff's Interrogatory No. 12, within twenty (20) days of the date of hearing on this Motion.

In support of this Motion, Plaintiff has submitted the attached memorandum. Plaintiff has complied with Rule 37 and has made an effort to resolve this dispute without Court intervention.

Plaintiff,
By his Attorneys,

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900

(401) 461-4107 (fax)

Carly Beauvais Iaffate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax) Plaintiff,

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail and faxed to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 and Hugh F. Murray, III, Esq., Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469 on the 27th day of May 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY D. IZZI,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-321T** |
| **UNITED PARCEL SERVICE, INC., Defendant.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MORE RESPONSIVE ANSWER TO INTERROGATORY No. 12**

## I. INTRODUCTION.

This case involves a request for accommodation made by UPS Package Car Driver Anthony Izzi ("Plaintiff). In October 2002, after Plaintiff was disqualified from driving by the DOT because of his diabetes, he requested to continue driving package cars which are not DOT regulated. UPS initially failed to engage in the interactive process, and ultimately, denied his request. Plaintiff filed this disability-discrimination action, which UPS removed to federal court.

On September 27, 2004, Plaintiff Anthony D. Izzi ("Plaintiff"), through counsel, served on Defendant United Parcel Service, Inc. ("UPS") "Plaintiff's First Set of Interrogatories to Defendants." UPS initially responded on or about November 29,

2004. Since then, UPS has served two supplemental sets of responses and one confidential and supplemental set of responses. However, none of the responses have addressed the present problem Plaintiff has with Defendant's Response to Interrogatory No. 12.

To no avail, Plaintiff has sought to resolve this dispute without court intervention.

**II. ARGUMENT.**

One of the things Plaintiff sought in discovery was information on other UPS drivers who have diabetes and were disqualified from driving by the DOT. This information is highly relevant because, among other things, it would reveal people who have potentially received the same accommodation that Plaintiff is seeking. If the driver does not have a DOT card because of his or her diabetes, but is still driving for UPS, then he or she may be only driving trucks which are not regulated by the DOT (the only alternative is that he or she is driving in violation of federal law). Plaintiff asked for the information on a nationwide basis, since it was likely that there would not be very many, or none at all, in the Eastern New England District. In addition, Plaintiff knows that as of 2002, the information existed on a nationwide basis because it was produced by UPS as part of another lawsuit involving package car drivers and UPS.

The specific interrogatory reads as follows:

Interrogatory No. 12: "For the past ten years, please identify any person employed by UPS in any location who is a driver with diabetes that requires insulin for control. For each person identified set forth the name; location where they are employed; what type of vehicle they drive or drove; the time period in which they were allowed to drive; and why they were allowed to drive in the face of UPS diabetes policy or state/federal regulations supposedly barring such activity."

UPS's initial response was:

"UPS objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome and seeks confidential information regarding UPS employees other than Mr. Izzi."

At UPS's request, counsel then entered into a confidentiality agreement so that the information could be had by Plaintiff. UPS then supplemented its response as follows:

"Without waiving said objection, [John Doe] was a tractor trailer driver out of the UPS facility in Dartmouth. * * *."

UPS apparently still limited its response to Eastern New England District. The one person disclosed never even sought an accommodation. Plaintiff still seeks this information on a nationwide basis. It does not appear that there is any good reason for not doing so, especially when at least part of the information is readily available and especially considering the vast resources of a company such as UPS.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to compel Defendant to provide a more responsive answers to Interrogatory No. 12, as detailed in this memorandum, within twenty (20) days of the date of the hearing on this motion.[1]

Plaintiff,
By his Attorneys,

[1]Although Plaintiff has requested an extension, as of today the discovery closure date is July 1. UPS is required to file its motion for summary judgment by August 1, 2005. Plaintiff requests twenty (20) days for compliance with any order that results from the filing of this motion. However, depending on the actual hearing date, Plaintiff reserves the right to request a shorter time period in light of the need for the information prior to drafting his response to UPS's motion for summary judgment.

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail and faxed to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Hugh F. Murray, III, Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469, and Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 on the 27th day of June 2005.