**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ANTHONY D. IZZI,**<br>**Plaintiff,**<br>**v.**<br>**UNITED PARCEL SERVICE, INC.,**<br>**Defendant.** | **C.A. No. 04-321T** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES AND OVERRULE OBJECTIONS PURSUANT TO RULE 33(B)(5)**

Now comes Plaintiff, Anthony Izzi ("Plaintiff"), and pursuant to Rule 33(B)(5) and Rule 37(a) of the Federal Rules of Civil Procedure, hereby moves this Court to compel Defendant UPS, Inc. ("Defendant" or "UPS") to provide Answers to Plaintiff's Second Set of Interrogatories Nos. 1 and 2, and to overrule its objections thereto. Plaintiff has also requested that this motion be consolidated with "Plaintiff's Motion to Compel More Responsive Answer to Interrogatory No. 12" and a motion to expedite the hearing thereon.

In support of this Motion, Plaintiff has submitted the attached memorandum. Plaintiff has complied with Rule 37 and has made an effort to resolve this dispute without Court intervention.

Plaintiff,
By his Attorneys,

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax) Plaintiff,

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 and Hugh F. Murray, III, Esq., Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469 on the 8th day of July 2005.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY D. IZZI,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-321T** |
| **UNITED PARCEL SERVICE, INC.,** **Defendant.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND OVERRULE OBJECTIONS PURSUANT TO RULE 33(B)(5)**

**I. INTRODUCTION.**

This case involves a request for accommodation made by UPS Package Car Driver Anthony Izzi ("Plaintiff"). In October 2002, after Plaintiff was disqualified from driving by UPS and the U.S. Department of Transportation because of his diabetes, he requested to continue driving package cars which are not DOT regulated. UPS initially failed to engage in the interactive process, and ultimately, denied his request. Plaintiff filed this disability-discrimination action under state law, which UPS removed to federal court.

On or about June 17, 2005, Plaintiff Anthony D. Izzi ("Plaintiff"), through counsel, served on Defendant United Parcel Service, Inc. ("UPS") "Plaintiff's Second Set of

Interrogatories to Defendants" which contained two interrogatories. UPS responded by filing objections to both interrogatories. Plaintiff now seeks to have the objections stricken and compel the underlying answers. To no avail, Plaintiff has sought to resolve this dispute without court intervention.

## II. ARGUMENT.

Because this case is about a request for accommodation, Plaintiff has the burden of proving his request was reasonable. See Kvorjak v. Maine, 259 F.3d 48, 55 (1st Cir. 2001) (citing Phelps v. Optima Health, Inc., 251 F.3d 21, 26 (1st Cir. 2001)). UPS has taken the position that it would be unreasonable to provide Plaintiff with a full day of driving work in an under 10,001 pound package car (the type not regulated by the DOT). However, Plaintiff has discovered that between 1997 and 2002 there were 118 package car drivers, like Plaintiff, who could not get DOT cards because of diabetes or some other disqualifying medical condition, but were, in fact, allowed to continue driving.[1] Now, Plaintiff needs to know (1) if there have been any more non-DOT card drivers since 2002; and (2) under what circumstances this has been done. With this information, among other things, Plaintiff would be able to buttress his claim that his request is reasonable, dispute UPS's claim that the request is both unreasonable and an undue hardship, and dispute UPS's claim that having a DOT card is an essential function of the job.

---

[1]This information was found in a document produced by UPS as part of another case involving package car drivers who could not get DOT cards, but alleged that there was a way for UPS to hire them and provide enough work for them in under 10,001 pound package cars without violating any federal regulation or provision of the collective bargaining agreement. See Bates v. UPS, Inc., 2004 U.S. District Lexis 21062 (N.D. Cal. October 21, 2004).

Prior to the time he found out about the 118 UPS drivers, Plaintiff had propounded Interrogatory No. 12 which asked for this type of information, but in a more limited fashion. Specifically, that interrogatory sought information about diabetics that could not obtain DOT Cards. That interrogatory is presently the subject of a motion to compel because UPS has refused to answer No. 12 on a nationwide basis.[2] Upon discovery of the 118 nationwide drivers, Plaintiff propounded a new interrogatory, designed not only to get the nationwide statistics on diabetic drivers, but on any driver who cannot get a DOT Card. The fact that all people without DOT Cards would be trying to achieve the same accommodation as Plaintiff, driving an under 10,001 pound vehicle, is what makes this information both relevant and critical. UPS however, has objected to providing this information. Instead, they have offered to provide it for some portion of New England.

This is not enough. First of all, this information has been made available to Plaintiffs in similar lawsuits involving UPS and its non-DOT card drivers or driver applicants. See, e.g., Bates v. UPS, 2004 U.S. District Lexis 21062 (N.D. Cal. October 21, 2004) (class action brought by deaf drivers and driver applicants who wanted to drive under 10,001 pound package cars but could not get DOT cards); Morton v. UPS, Inc., 272 F.3d 1249 & n. 2 (9th Cir. 2001) (action brought on behalf of single deaf driver for same reasons). In addition, the non-DOT drivers that we know about so far are spread throughout the country (in approximately 34 states and the District of Columbia)

---

[2]Accordingly, Plaintiff has filed a motion to consolidate that motion (Plaintiff's Motion to Compel More Responsive Answer to Interrogatory No. 12) with this motion, since the issues are identical.

and it is possible that none of the drivers since 2002 are located in the areas that UPS proposes to search.

It would be unfair to limit the Plaintiff, especially when this information is necessary to a proper defense. UPS has taken the position that because the 118 drivers are driving in 118 other parts of the country, those situations are completely irrelevant. UPS's argument is something like, just because John Smith can get a full day's work in the UPS center located in Boise, Idaho, does not mean the same work would be available in Warwick, RI. In other words, there may be differences in the operations from state to state. This makes the need for Plaintiff to have the information on a nationwide basis even more critical because the more centers he has to compare Warwick with, the more likely that there will be similarities in things like, number of routes, number of package cars and volume. If UPS is allowed to restrict Plaintiff's access to this information, they will likely succeed in their argument because Plaintiff will have less areas for purposes of comparison.

The particular interrogatories in dispute read as follows:

Interrogatory No. 1: "In the past ten years,[3] have there been any UPS drivers (nationwide) who are not DOT qualified (do not have DOT cards) but were allowed to drive under 10,000 pound vehicles in any capacity? If the answer is yes, set forth the number of persons and for each person please state the following; (i) name; (ii) location where the driver is employed; (iii) specific job performed (fixed route, cover driver, air driver, etc.); (iv) whether the driver requested an accommodation in order to be allowed to drive under 10,000 pound vehicles; (v) reason why the driver was provided an accommodation; and (vi) reason why the driver could not obtain a DOT card." See Exhibit A.

---

[3]When discussing possible resolutions to this discovery dispute, Plaintiff offered to narrow the scope in time from 2002 to the present for Interrogatory No. 1, since he already has the Bates document which sets forth the statistical information from 1997 to 2002.

UPS objected as follows:

Objection: UPS objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome and requests information that is relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's position is that this interrogatory is not unduly burdensome or overbroad, especially in light of the fact (as noted in footnote 3), UPS need only gather this information from 2002 to the present. UPS is one of the world's largest companies and has hundreds of thousands of employees. Furthermore, UPS is divided up into regions and it makes sense that they would keep this information at the region level, especially when its regional people are responsible for approving and evaluating accommodation requests and monitoring things like the lack of a DOT card. Without this information, Plaintiff is going to have a difficult, if not insurmountable obstacle, when it comes to disputing UPS's arguments that his request was not reasonable, that it would be an undue hardship and that he is required to have a DOT card as part of the essential functions of the job.

UPS has also objected to the second interrogatory issued by Plaintiff in his Second Set of Interrogatories to Defendant. The interrogatory is as follows:

Interrogatory No. 2: For each driver listed in No. 1 above who was provided an accommodation, please set forth each and every reason why it is not an undue hardship for UPS to allow that driver to drive under 10,000 pound vehicles. See Exhibit A.

Objection: UPS objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not likely to lead to admissible evidence. See Ex. A.

On summary judgment, it is not enough for the Plaintiff to make unsupported conclusory statements. Therefore, it will likely not be enough for Plaintiff to set forth the fact that there are 118 people who have been afforded the ability to drive under 10,000

pound vehicles without a DOT Card. Instead, Plaintiff may have to introduce specific facts about the circumstances of each situation. In addition, if UPS is saying that Plaintiff's request is an undue hardship, but none of the other 118 situations were, Plaintiff must have the opportunity to find out what is different about his situation as compared to the cases in which UPS has afforded the accommodation and has not found it to be an undue hardship.

Therefore, Interrogatory No. 2 is not irrelevant, and for the same reasons set forth above, it is not overbroad or unduly burdensome. Accordingly, the objections should be overruled and UPS should be ordered to fully respond according to D.R.I. Local Rule 13(c)(2), within 20 days of the date of the hearing on this motion or such shorter time as the Court deems necessary. Time is of the essence[4] since UPS is scheduled to file its motion for summary judgment on August 1, 2005 and Defendant's response will be due shortly thereafter.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to overrule UPS's objections and compel its answers to Interrogatory No. 1 and 2, as detailed in this memorandum.

Plaintiff,
By his Attorneys,

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601

[4]Plaintiff has also requested an expedited hearing on this motion and the Plaintiff's Motion to Compel a More Responsive Answer to Interrogatory No. 12.

Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Hugh F. Murray, III, Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469, and Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 on the 8th day of July 2005.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY D. IZZI<br>Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br>Defendant | C.A. No: 04-321T |

**UNITED PARCEL SERVICE INC.'S OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33(a), the Defendant, United Parcel Service Inc. ("UPS") objects to the Plaintiff's Second Set of Interrogatories as follows:

**INTERROGATORY NO. 1**

In the past ten years, have there been any UPS drivers (nationwide) who are not DOT qualified (do not have DOT cards) but were allowed to drive under 10,000 pound vehicles in any capacity? If the answer is yes, set forth the number of persons and for each person please state the following: (i) name; (ii) location where the driver is employed; (iii) specific job performed (fixed route, cover driver, air driver, etc.); (iv) whether the driver requested an accommodation in order to be allowed to drive under 10,000 pound vehicles; (v) reason why driver was provided an accommodation; and (vi) reason why the driver could not obtain a DOT card.

**OBJECTION**

UPS objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 2**

For each driver listed in Interrogatory No. 1 above who was provided an accommodation, please set forth each and every reason why it is not an undue hardship for UPS to allow that driver to drive under 10,000 pound vehicles.

**OBJECTION**

UPS objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence.

As to objections:

Laurie Alexander Krom

Hugh F. Murray, III - BBO#645595
Laurie Alexander-Krom - BBO #637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: (617) 457-4000

Lori Caron Silveira

Lori Caron Silveira #3002
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Date: June 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 24th day of June 2005 to: ____________________

Lori Caron Silveira

Date: June , 2005