**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY D. IZZI,**<br>**Plaintiff,**<br>**v.**<br>**UNITED PARCEL SERVICE, INC.,**<br>**Defendant.** | : | **C.A. No. 04-321T** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO DOCUMENT REQUESTS AND OVERRULE OBJECTIONS PURSUANT TO RULES 34(B) AND 37(A)**

Now comes Plaintiff, Anthony Izzi ("Plaintiff"), and pursuant to Rule 34(B) and Rule 37(a) of the Federal Rules of Civil Procedure, hereby moves this Court to compel Defendant UPS, Inc. ("Defendant" or "UPS") to provide responses to Plaintiff's Second Revised Document Request (See Exhibit A) and Plaintiff's Third Document Request (See Exhibit B), and to overrule its objections thereto.

In support of this Motion, Plaintiff has submitted the attached memorandum. Plaintiff has complied with Rule 37 and has made an effort to resolve these disputes without Court intervention.

Plaintiff,
By his Attorneys,

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard

Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax) Plaintiff,

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 and Hugh F. Murray, III, Esq., Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469 on the 8th day of July 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY D. IZZI, Plaintiff, | : | |
| v. | : | C.A. No. 04-321T |
| UNITED PARCEL SERVICE, INC., Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO DOCUMENT REQUESTS AND OVERRULE OBJECTIONS PURSUANT TO RULES 34(B) AND 37(A)**

## I. INTRODUCTION.

This case involves a request for accommodation made by UPS Package Car Driver Anthony Izzi ("Plaintiff"). In October 2002, after Plaintiff was disqualified from driving by UPS because of his diabetes, he requested to continue driving package cars which are not DOT regulated. UPS had relied on the DOT regulations to stop Izzi from driving. UPS initially failed to engage in the interactive process, and ultimately, denied his request. Plaintiff filed this disability-discrimination action under state law, which UPS removed to federal court.

On or about June 14, 2005, Plaintiff Anthony D. Izzi ("Plaintiff"), through counsel, served on Defendant United Parcel Service, Inc. ("UPS") "Plaintiff's Revised Second Request for Production of Documents." On or about June 17, 2005, Plaintiff Anthony D. Izzi ("Plaintiff"), through counsel, served on Defendant United Parcel Service, Inc.

("UPS") "Plaintiff's Third Request for Production of Documents." UPS responded by filing objections to both sets of requests. See Exhibits A & B. Plaintiff now seeks to have the objections stricken and compel the underlying responses, in full. To no avail, Plaintiff has sought to resolve this dispute without court intervention.

**II. ARGUMENT.**

The parties have been unable to work out disputes over responses to the following requests:

Plaintiff's 2nd Revised Document Request:

Request No. 3: This request asks for documents relating to UPS package car drivers who are driving pursuant to the DOT waiver program. The waiver program is something offered by the U.S. D.O.T. for otherwise disqualified diabetic drivers to allow them to continue driving all size vehicles. However, the program has been unsuccessful because in order to qualify, one needs to be driving DOT regulated trucks for the three years prior to applying for the waiver. This makes no sense, since a driver has to be DOT certified every 2 years. UPS alleges that they assisted Plaintiff with the waiver program as an accommodation. Plaintiff's position is that this was not a requested accommodation, and not a real accommodation since it is impossible to achieve. To prove his point, Plaintiff is asking for the numbers on how many UPS drivers are actually driving pursuant to the diabetes waiver program. Plaintiff's counsel has been told by UPS counsel that this information is available. If there are no such drivers, UPS should strike its objection and answer that there are no documents.[1]

---

[1]In addition, UPS should supplement its interrogatory response (No. 12) on this issue.

Request No. 6: This request asks for payroll records. One of the reasons why Plaintiff seeks to be a full-time driver instead of an inside worker is because of the difference in pay. His pay has been cut by approximately $6.00 per hour (not counting overtime). There is a position called air driver, but it pays less than the inside job. However, when air drivers deliver ground packages, they get the full-time rate. It now appears that this may happen on a frequent basis. Therefore, Plaintiff needs to know how often air drivers are receiving "top rate." This way, he could determine, among other things, that (1) he could be an air driver (something that UPS has suggested in the past); or (2) he could be doing some of that ground work as a cover driver.

Request Nos. 8 & 9: These requests pertain to vehicle inventory lists. This case, to some extent, turns on the availability of under 10,000 pound vehicles. Part of UPS's defense is, "we don't have enough" for Plaintiff to drive. In Bates v. UPS, Inc., 2004 U.S. District Lexis 21062 (N.D. Cal. October 21, 2004)., there was evidence that UPS was actually increasing the number of under 10,000 pound package cars in its fleet, on a nationwide basis. There were documents called February 2003 and October 2003 vehicle inventory. Plaintiff is requesting these documents which are already available, and if any further inventories are available, a copy of these as well. The new inventories may reveal whether new vehicles (such as the P57) are over 10,000 pounds or under 10,000 pounds.

Request No. 11: This request is geared toward the P50, a vehicle which, depending on the manufacturer, can be over or under 10,001 pounds. Plaintiff seeks to find out if Warwick had any under 10,000 pound P50s since he was taken off the road. It appears as if they did, and Plaintiff seeks documents which might reveal this fact, and

when it occurred. P50s are important because they are the biggest under 10,001 pound package car. In addition, UPS is saying that P50s are all over 10,001 pounds. If this is true, then it allowed Plaintiff to drive one in December 2003, after it found out about his diabetes.

Plaintiff's Third Document Request:

The only request in the Plaintiff's Third Document Request (see Exhibit B), seeks documents relating to DOT disqualified drivers. This document request corresponds to interrogatories requesting the same information. Because this case is about a request for accommodation, Plaintiff has the burden of proving his request was reasonable. See Kvorjak v. Maine, 259 F.3d 48, 55 (1st Cir. 2001) (citing Phelps v. Optima Health, Inc., 251 F.3d 21, 26 (1st Cir. 2001)). UPS has taken the position that it would be unreasonable to provide Plaintiff with a full day of driving work in an under 10,001 pound package car (the type not regulated by the DOT). However, Plaintiff has discovered that between 1997 and 2002 there were 118 package car drivers, like Plaintiff, who could not get DOT cards because of diabetes or some other disqualifying medical condition, but were, in fact, allowed to continue driving.[2] Now, Plaintiff needs to have any documents related to these drivers and their status as non-DOT UPS drivers. With this information, among other things, Plaintiff would be able to buttress his claim that his request is reasonable, dispute UPS's claim that the request is both

---

[2]This information was found in a document produced by UPS as part of another case involving package car drivers who could not get DOT cards, but alleged that there was a way for UPS to hire them and provide enough work for them in under 10,001 pound package cars without violating any federal regulation or provision of the collective bargaining agreement. See Bates v. UPS, Inc., 2004 U.S. District Lexis 21062 (N.D. Cal. October 21, 2004).

unreasonable and an undue hardship, and dispute UPS's claim that having a DOT card is an essential function of the job. UPS however, has objected to providing these documents on the basis that the request is overly broad, unduly burdensome and irrelevant.

This information has been made available to Plaintiffs in similar lawsuits involving UPS and its non-DOT card drivers or driver applicants. See, e.g., Bates v. UPS, 2004 U.S. District Lexis 21062 (N.D. Cal. October 21, 2004) (class action brought by deaf drivers and driver applicants who wanted to drive under 10,001 pound package cars but could not get DOT cards); Morton v. UPS, Inc., 272 F.3d 1249 & n. 2 (9th Cir. 2001) (action brought on behalf of single deaf driver for same reasons). It would be unfair to limit the Plaintiff, especially when this information is necessary to a proper defense. UPS has taken the position that because the 118 drivers are driving in 118 other parts of the country, those situations are completely irrelevant. UPS's argument is something like, just because John Smith can get a full day's work in the UPS center located in Boise, Idaho, does not mean the same work would be available in Warwick, RI. In other words, there may be differences in the operations from state to state. This makes the need for Plaintiff to have the information on a nationwide basis even more critical because the more centers he has to compare Warwick with, the more likely that there will be similarities in things like, number of routes, number of package cars and volume. If UPS is allowed to restrict Plaintiff's access to this information, they will likely succeed in their argument because Plaintiff will have less areas for purposes of comparison.

Plaintiff's position is that this request is not unduly burdensome or overbroad. UPS is one of the world's largest companies and has hundreds of thousands of

employees. Without these documents, Plaintiff is going to have a difficult, if not insurmountable obstacle, when it comes to disputing UPS's arguments that his request was not reasonable, that it would be an undue hardship and that he is required to have a DOT card as part of the essential functions of the job.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to overrule UPS's objections and compel its responses to the particular requests set forth herein, within twenty (20) days of the date of hearing on this motion.

Plaintiff,
By his Attorneys,

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

## CERTIFICATION

I hereby certify that a copy of the within document has been sent by first-class mail to Lori Caron Silveira, Esq., Tillinghast, Licht, Perkins, Smith & Cohen, 10 Weybosset Street, Providence, RI 02903, Hugh F. Murray, III, Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469, and Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 on the 8th day of July 2005.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY D. IZZI<br>Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br>Defendant | C.A. No: 04-321T |

**UNITED PARCEL SERVICE INC.'S OBJECTIONS TO PLAINTIFF'S REVISED SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, the defendant, United Parcel Service Inc., ("UPS"), hereby objects to the Plaintiff's Revised Second Request for Production of Documents as follows:

**REQUEST NO. 1**

Any and all documents, including raw data, from 2002 to the present, that reflect the following for each UPS Warwick service provider: vehicle size and vehicle number for each day assigned driving work.

**OBJECTION**

UPS objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 2**

Any and all document reflecting or relating to what modifications were made to the Norwood UPS location to make it handicap accessible, the cost of the modifications, and the identity of any person responsible for handling or approving the modifications.

**OBJECTION**

UPS objects to Request No. 2 on the grounds that it requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 3**

Any and all documents reflecting the number of UPS service providers who are driving pursuant to the DOT Waiver program.

**OBJECTION**

UPS objects to request No. 3 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 4**

Any and all documents, including lists or rosters, reflecting current UPS Warwick service providers' names and phone numbers.

**OBJECTION**

UPS objects to Request No. 4 on the grounds that it requests the phone numbers of all Warwick service providers, which constitutes confidential information.

**REQUEST NO. 5**

Any and all documents reflecting each and every date on which the following service providers were absent from work for any reason and/or did not drive his or her assigned route, during the years 2002-2004: Charles Bacon, Alan Torigian, Steven Hand, Daniel Kelliher, Jr., Joseph Powers, Michael Brigida, Robert Tate, Michael Benjamin, Bryan Underwood, William Gyra, and Frank Medeiros.

**OBJECTION**

UPS objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome,

requests information that is irrelevant and not reasonably calculated to lead to admissible evidence and requests confidential personnel information.

**REQUEST NO. 6**

Any and all payroll records, reflecting the hourly wages actually paid to all persons classified as air drivers, for any work actually performed (including ground packages), during the year 2004.

**OBJECTION**

UPS objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, requests confidential personnel information, and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 8**

Nationwide under 10,000 pound vehicle inventory lists, dated February 2003 and October 2003.

**OBJECTION**

UPS objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 9**

Any and all documents reflecting UPS' nationwide inventory of under 10,000 pound vehicles, for any time period after October 2003.

**OBJECTION**

UPS objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 11**

Any and all documents reflecting the existence of P50s manufactured by Ford as being part of the Warwick vehicle inventory at any time during the year 2002 or 2003.

**OBJECTION**

UPS objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Laurie Alexander-Krom

Hugh F. Murray - BBO#645595
Laurie Alexander-Krom - BBO #637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: (617) 457-4000

Lori Caron Silveira #3002
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Date: June 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 24th day of June 2005 to: Carly Beauvais Iafrate, Esq., 170 Westminster St., Suite 601, Providence RI 02903.

Lori Caron Silveira

Date: June , 2005

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY D. IZZI<br>Plaintiff | ) | |
| v. | ) | **C.A. No: 04-321T** |
| UNITED PARCEL SERVICE, INC.<br>Defendant | ) | |

**UNITED PARCEL SERVICE INC.'S OBJECTIONS TO PLAINTIFF'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, the defendant, United Parcel Service Inc., ("UPS"), hereby objects to the Plaintiff's Third Request for Production of Documents as follows:

**REQUEST NO. 1**

Any and all documents related to the existence of any DOT disqualified driver (who does not, for whatever reason, have a DOT card) working for UPS (in any location), at any time. This request should be deemed to include any documents which contain information that reveals the DOT disqualified driver's name, seniority date, location employed, and type of position held (fixed route driver, cover driver, air driver, or any other information or classification) and any information about whether the driver is driving pursuant to an accommodation, what the accommodation is, and how the driver obtained the accommodation.

**OBJECTION**

UPS objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Hugh F. Murray - BBO#645595
Laurie Alexander-Krom - BBO #637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: (617) 457-4000

Lori Caron Silveira #3002
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Date: June 24, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 24th day of June 2005 to: ______________________

Lori Caron Silveira

Date: June , 2005