UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHONY D. IZZI

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

**C.A. No: 04-321T**

**UNITED PARCEL SERVICE INC.'S OPPOSITION TO PLAINTIFF MOTION TO COMPEL DEFENDANT'S MORE RESPONSIVE ANSWER TO INTERROGATORY NO. 12**

United Parcel Service Inc. ('UPS") opposes the Plaintiff's Motion to Compel Defendant's More Responsive Answer to Interrogatory No. 12 on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence.

Interrogatory No. 12 requests:

"For the past ten years, please identify any person employed by UPS in *any location* who is a driver with diabetes that requires insulin for control. For each person identified set forth the name; location where they are employed; what type of vehicle they drive or drove; the time period in which they were allowed to drive; and why they were allowed to drive in the face of UPS diabetes policy." [emphasis added].

The Plaintiff has provided no geographical limitation to this request. Nationwide

UPS employs approximately 70,000 package car drivers, at approximately 1200 facilities across the United States. Within the United States, UPS is divided geographically into approximately nine regions, which in turn contain approximately 61 districts.

According to the federal DOT regulations, an individual with insulin dependent diabetes is prohibited from driving a commercial motor vehicle, which is a vehicle that has a gross vehicle weight of 10,000 pounds or more. See 49 CFR §391.41(b)(3). The Plaintiff is an insulin dependent diabetic and therefore, cannot drive a vehicle weighing more than 10,000 pounds. The Plaintiff, who has been through the UPS Diabetes Protocol, can drive an under 10,000 vehicle, however there are no set routes in Rhode Island that are specifically designed for an under 10,000 pound vehicle. In addition, the Plaintiff refuses to bid an Air Driver position, which uses an under 10,000 pound vehicle, and does not have the seniority to bid on the few routes that frequently use an under 10,000 pound vehicle.

The Plaintiff claims that UPS should accommodate his restriction by allowing him to drive as a cover driver, exclusively assigned to an under 10,000 vehicle. A cover driver is assigned to cover routes on which the regular driver is absent due to illness or a vacation. The cover driver drives the vehicle that has been assigned to the particular route. It is not possible to accommodate the Plaintiff's request. There are very few routes that use an under 10,000 pound vehicle for some portion of the time and there are only six vehicles at the Rhode Island facility that weigh under 10,000 pounds that would

be available to the Plaintiff. (See Affidavit of Ronald Poirier).[1] Overall, the geography and nature of UPS' business in Rhode Island dictate the use of a larger, over 10,000 pound vehicle. (Affidavit of Ronald Poirier).

The Plaintiff claims he is seeking nationwide information on other UPS drivers who have diabetes and were disqualified from driving by the DOT but are subsequently driving a UPS vehicle because "it would reveal people who have potentially received the same accommodation that Plaintiff is seeking." UPS has agreed to provide the Plaintiff with information concerning employees in New England who have passed the Diabetes Protocol and are driving.

However, UPS opposes a nationwide search on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. Whether a route that uses an under 10,000 vehicle is available to a cover driver depends upon the specific characteristics of the particular UPS facility. (See Affidavit of Ronald Poirier). It depends upon the number of bid routes that have been assigned to an under 10,000 pound vehicle. Id. This depends upon the geography of the specific area (suburban, urban, rural), the mix of resident and commercial business in the area, the density of the population in the area, the amount of miles driven on each route and the type of customers. Id. For example, a rural area, with more residential customers and higher mileage routes, may have more routes that use a smaller vehicle. Rhode Island however is more urban, has less mileage on its routes and is more commercial. Id. In Rhode Island there is little to no chance that a cover driver would have an opportunity to drive a smaller vehicle, let alone drive a smaller vehicle every day; whereas in a more

[1] Ronald Poirier has been out of town and unavailable to sign his affidavit. UPS will submit his affidavit by the close of business tomorrow, July 13, 2005.

rural area a cover driver may have a greater opportunity. Therefore, whether UPS can accommodate an employee in another part of the nation is irrelevant to whether it can or cannot accommodate the Plaintiff in this case.

Accordingly, UPS requests that the Court deny the Plaintiff's Motion to Compel, or in the alternative, limit the Plaintiff's request to information from New England.

UNITED PARCEL SERVICE INC.
By its attorneys,

Hugh F. Murray / (JMB) #6228

Hugh F. Murray, III - BBO#645595
Laurie Alexander-Krom - BBO #637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: (617) 457-4000

Lori Caron Silveira / (JMB) #6228

Lori Caron Silveira
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Date: July 12, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of United Parcel Service Inc.'s Opposition to Plaintiff's Motion to Compel Defendant's More Responsive Answer to Interrogatory No. 12. was mailed to plaintiff's counsel on the 12 day of July, 2005.

Carly Beauvais Iafrate, Esquire
170 Westminster Street
Suite 601
Providence, RI 02903

Laurie Alexander-Krom, Esquire
MURTHA CULLINA LLP
99 High Street
Boston, MA 02110-2320
Warwick, RI 02888

Doc. 415632