UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY D. IZZI<br>Plaintiff | ) | |
| v. | ) | **C.A. No: 04-321T** |
| UNITED PARCEL SERVICE, INC.<br>Defendant | ) | |

**UNITED PARCEL SERVICE INC.'S OPPOSITION TO PLAINTIFF'S CONSOLIDATED DISCOVERY MOTIONS**

The Plaintiff, Anthony Izzi claims that his employer, United Parcel Service Inc. ("UPS"), discriminated against him and failed to accommodate him with regard to his employment at the Warwick Rhode Island facility. Mr. Izzi brings his claims under state law but is seeking discovery on a nationwide basis. UPS objects to this discovery because it is not relevant nor is it easily attainable.

This Opposition addresses the following consolidated motions: (1) Plaintiff's Motion to Compel More Responsive Answer to Interrogatory No. 12; (2) Plaintiff's Motion to Compel Defendant's Responses to Document requests and Overrule Objections Pursuant to Rules 34(B) and 37(A); and (3) Plaintiff's Motion to Compel Answers to Interrogatories and Overrule Objections Pursuant to Rule 33(B)(5).

## I. BACKGROUND FACTS

Mr. Izzi began working as a full time Package Car Driver for UPS in August 1996. Mr. Izzi is employed at the Warwick Rhode Island facility. In October 2002, Mr. Izzi was denied his DOT card because of his diabetes. The federal DOT regulations

prohibit individuals with insulin dependent diabetes from driving commercial vehicles weighing over 10,000 pounds. Accordingly, Mr. Izzi could no longer continue driving his route.

For the next several months, UPS allowed Mr. Izzi to work an inside position and continued paying him his Package Car Driver rate of pay. UPS also placed Mr. Izzi through its internal Diabetes Protocol, which authorized him to drive an under 10,000 pound UPS vehicle. This allowed Mr. Izzi to bid on an Air Driver position. Mr. Izzi has declined this option and instead requests that UPS allow him to work as a full time Package Car Driver in an under 10,000 pound vehicle. However, Rhode Island's geography and the nature of UPS' business in Rhode Island dictate the use of a larger, over 10,000 pound vehicle. (Affidavit of Ronald Poirier, ¶5). None of the delivery routes out of the Warwick Rhode Island facility are designed for an under 10,000 pound vehicle. (Affidavit of Ronald Poirier, ¶5). There are no full time drivers out of the Warwick facility who exclusively drive an under 10,000 pound vehicle for any substantial portion of time. In addition, Mr. Izzi does not have the seniority to bid on the few routes on which the driver does drive an under 10,000 pound vehicle for some portion of the time.

Mr. Izzi claims that UPS could accommodate his restriction by allowing him to drive as a cover driver, exclusively assigned to an under 10,000 pound vehicle. A cover driver is assigned to cover routes on which the regular driver is absent due to illness or a vacation. There are approximately 80 cover drivers at the Warwick facility. There are usually more cover drivers than routes available on any given day. The drivers with the greatest seniority are given the first opportunity to drive. Those cover drivers are then

assigned to routes based upon the cover driver's knowledge and experience. The cover driver drives the vehicle that has been assigned to the particular route. Therefore it is an essential function of the job that a cover driver be able to drive any size UPS vehicle.

## II. Mr. Izzi's Motion to Compel regarding Document Requests No. 6 and 11 of Plaintiff's Revised Second Request for Documents should be denied.

Request No. 6 of the Plaintiff's Revised Second Request for the Production of Documents requests "any and all payroll records, reflecting the hourly wages actually paid to all persons classified as air drivers, for any work actually performed (including ground packages), during the year 2004." Although UPS objects to this request on the grounds that it is overly broad, unduly burdensome, requests confidential personnel information, and requests information that is irrelevant and not reasonably calculated to admissible evidence, UPS is in the process of gathering payroll records that reflect the rate of pay and any adjustments to this rate for each of its Air Drivers employed at the Warwick Rhode Island facility. UPS will produce these documents once they have been compiled.

Request No. 11 of the Plaintiff's Revised Second Request for the Production of Documents requests "any and all documents reflecting the existence of P50's manufactured by Ford as being part of the Warwick vehicle inventory at any time during the year 2002 or 2003." There were no P50's manufactured by Ford in the Warwick vehicle inventory at any time during the year 2002 or 2003. (See UPS Inc.'s Responses to Plaintiff's Revised Second Request for the Production of Documents, Response No. 11 attached as Exhibit A).

**III. Requests No. 8 and 9 of the Plaintiff's Revised Second Request for Documents requests information that is irrelevant and not reasonably calculated to lead to admissible evidence.**

Request No. 8 of the Plaintiff's Revised Second Request for the Production of Documents requests: "nationwide, under 10,000 pound vehicle lists, dated February 2003 and October 2003" and Request No. 9 requests: "any and all documents reflecting UPS' nationwide inventory of under 10,000 pound vehicles, for any time after October 2003."

Mark Murphy, currently the UPS Employee Relations Manager, has been employed with UPS for almost thirty years, and has held positions such as an On Road Supervisor and Package Car Driver. Mr. Murphy testified at his deposition that vehicles are used from a district perspective. (Mark Murphy Deposition Tr. 89-90, relevant pages attached as Exhibit D). Package Cars are assigned to a particular center and are typically not moved to another district. The Warwick Rhode Island facility is located in UPS' East New England district. UPS has already produced a document illustrating the number and type of vehicles used in the East New England District. (See Document # UPS00070 attached as Exhibit E). The number of cars in a district on the West Coast would have nothing to do with whether UPS could accommodate Mr. Izzi's request to drive an under 10,000 pound vehicle out of the Warwick Rhode Island facility.

**IV. Interrogatory No. 12 of Plaintiff's First Set of Interrogatories, Interrogatories No. 1 and No. 2 of Plaintiff's Second Set of Interrogatories, Request No. 3 of Plaintiff's Revised Second Request for Documents, and Request No. 1 of Plaintiff's Third Request for Documents are overly broad, unduly burdensome and request information that is irrelevant and not reasonably calculated to lead to admissible evidence.**

Interrogatory No. 12 of Plaintiff's First Set of Interrogatories, Interrogatories No. 1 and No. 2 of Plaintiff's Second Set of Interrogatories, Request No. 3 of the Plaintiff's

Revised Second Request for Documents, and Request No. 1 of Plaintiff's Third Request for Documents, ask that UPS perform a nationwide search in order to compile the information.

Interrogatory No. 1 of the Plaintiff's Second Set of Interrogatories asks: "In the past ten years, have there been any UPS drivers (nationwide) who are not DOT qualified...but were allowed to drive under 10,000 pound vehicles in any capacity? If the answer is yes, set forth the number of persons and for each person please state the following: (i) name; (ii) location where the driver is employed; (iii) specific job performed (fixed route, cover driver, air driver, etc.); (iv) whether the driver requested an accommodation in order to be allowed to drive under 10,000 pound vehicles; (v) reason why the driver was provided an accommodation; and (vi) reason why the driver could not obtain a DOT card." Interrogatory No. 2 asks: "for each driver listed in No. 1 above who was provided an accommodation, please set forth each and every reason why it is not an undue hardship for UPS to allow that driver to drive an under 10,000 pound vehicle." Interrogatory No. 12 of the Plaintiff's First Set of Interrogatories requests similar nationwide information regarding drivers with diabetes.

Finally, Request No. 3 of Plaintiff's Revised Second Request for Documents requests, nationwide: "Any and all documents reflecting the number of UPS service providers who are driving pursuant to the DOT Waiver program." Request No. 1 of the Plaintiff's Third Request for Documents requests, nationwide, documents containing the answers to Interrogatory No. 1 list above and all of its subparts.

UPS employs approximately 70,000 Package Car drivers at nearly 1800 facilities. (See Affidavit of Leon Herron, ¶ 3). Within the United States, UPS is divided

geographically into approximately 8 domestic regions, which in turn contain approximately 60 districts. (See Affidavit of Leon Herron, ¶ 3). Within these districts there are approximately 1800 facilities with approximately 4 operations per facility. (See Affidavit of Leon Herron, ¶ 3). In total, there are nearly 10,000 UPS operation centers throughout the country. (See Affidavit of Leon Herron, ¶ 3). Mr. Izzi seeks this information because he claims it would reveal people who have potentially received the same accommodation that Mr. Izzi is seeking. UPS has agreed to provide this information regarding UPS drivers in New England. (See UPS' Response to Plaintiff's Revised Second Request for Documents, Response No. 3, attached as Exhibit A; and UPS' Answers to Plaintiff's Second Set of Interrogatories attached as Exhibit C). However, UPS opposes a nationwide search on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence.

First, Mr. Izzi did not qualify for the DOT Waiver program. (See DOT Denials listed in Federal Register, attached hereto as Exhibit F). Therefore, information concerning drivers allowed to drive pursuant to the DOT Waiver program is not relevant in this case. Second, whether a driver is able to use an under 10,000 pound vehicle, every day, depends upon the driver's seniority and upon the number, if any, of routes designed for 10,000 pound vehicles route that are available at the UPS facility at which the driver is employed. The number of routes that use an under 10,000 pound vehicle that are available at a specific facility depends on the specific characteristics of the facility's location. (See Affidavit of Ronald Poirier, ¶ 3). It depends upon the geography of the specific area (suburban, urban, rural), the type of customers and their needs, the

mix of resident and commercial business in the area, the density of the population in the area, the amount of miles driven on each route and the type of customers. Id. For example, a rural area, with more residential customers and higher mileage routes, may have more routes that use a smaller vehicle. Rhode Island however is more urban, has less mileage on its routes, and is more commercial. (See Affidavit of Ronald Poirier, ¶ 5). In Rhode Island there is little chance that a cover driver would have an opportunity to drive a smaller vehicle, let alone drive a smaller vehicle every day; whereas in a more rural area a cover driver may have a greater opportunity. Therefore, whether UPS can accommodate an employee in another part of the country is irrelevant to whether it can or cannot accommodate Mr. Izzi in this case.

In addition to objecting on the grounds of relevancy, UPS objects to these requests on the grounds that they are unduly burdensome. In order to obtain the documents and information requested regarding all DOT disqualified drivers, nationwide, who are driving in some capacity, UPS would have to individually search each of its 2200 facilities and possibly each of the individual operations within the facilities.

UPS has stipulated to the authenticity of a document entitled: "Defendant United Parcel Service Inc.'s Supplemental Discovery Responses Re: Efforts Made to Allow Individuals Who are Not DOT Qualified to Obtain or Retain Driving Positions." (See document attached as Exhibit G; See also UPS' Responses to Plaintiff's Revised Second Request for Documents, Response No. 3, attached as Exhibit A; UPS' Responses to Plaintiff's Third Request for the Production of Documents attached as Exhibit B; and UPS' Answers to Plaintiff's Third Set of Interrogatories attached as Exhibit C). Overall, this document describes 118 employees, nationwide, who did not meet federal

DOT qualification standards but held driving positions at UPS during the period of June 25, 1997 until August 2002. (See Affidavit of Leon Herron, ¶ 2). This document was prepared in connection to a nationwide class action lawsuit arising under federal law. In contrast to Mr. Izzi's state law claim, this class action case involved drivers from different areas of the country. In order to compile this information, it was necessary to contact the individual UPS district and facility (of which there are nearly 1800 throughout the country). (See Affidavit of Leon Herron, ¶ 4). In some cases, it was necessary to contact the individual operation centers within the facility. (See Affidavit of Leon Herron, ¶ 4). Overall, it took five to six weeks, with several thousands of individuals contacted in order to compile and verify this information nationwide. (See Affidavit of Leon Herron, ¶ 4).

UPS objects to performing a search of the same magnitude in order to simply compile some additional examples that would not even be relevant to whether Mr. Izzi can or cannot be accommodated at the Warwick Rhode Island facility. UPS is however willing to stipulate to the authenticity of this document (which provides the information Mr. Izzi requests from 1997-2002) and in addition will provide this information concerning its New England drivers.

## CONCLUSION

For the above stated reasons, UPS requests that Mr. Izzi's Motion to Compel the Defendant's Responses to Document Requests and Overrule Objections Pursuant to Rule 34(B) and 37(A) be denied.

UNITED PARCEL SERVICE, INC.
By its Attorneys,

Hugh F. Murray /TMB (#6208)

Hugh F. Murray, III - (BBO#645595)
Laurie Alexander-Krom - (BBO#637385)
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone (617) 457-4000

Lori Caron Silveira /TMB (#6208)

Lori Caron Silveira, Esquire (#3002)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

Date: July 22, 2005

CERTIFICATE OF SERVICE

I certify that a copy of United Parcel Service, Inc.'s Opposition to Plaintiff's Consolidated Discovery Motions was mailed to plaintiff's counsel on the 22 day of July, 2005.

Carly Beauvais Iafrate, Esquire
170 Westminster Street
Suite 601
Providence, RI 02903

Laurie Alexander-Krom, Esquire
MURTHA CULLINA LLP
99 High Street
Boston, MA 02110-2320

Colleen M. Vandal