**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ANTHONY D. IZZI,**

**Plaintiff,**

**v.** **C.A. No. 04-321T**

**UNITED PARCEL SERVICE, INC.,**
**Defendant.**

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN RESPONSE TO UPS'S STATEMENT OF UNDISPUTED FACTS AND IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff does not dispute the following paragraphs of UPS's "Statement of Facts in Support of It's Summary Judgment," (hereinafter "SOF"): ¶ 1, 2, 3, 6, 8, 10, 15, and 16.

Plaintiff does dispute paragraphs 4, 5, 7, 9, and 11-14 of UPS's SOF. Plaintiff has set forth below the specific disputes as well as additional facts that preclude summary judgment.

1. Plaintiff disputes UPS SOF ¶ 4, but only to the extent that it states that Izzi only drove on routes in Providence, Rhode Island. Izzi drove for approximately 10 years before October 2002, as a fixed bid route driver, cover driver and air driver. During this time, he drove throughout many parts of Rhode Island, and even in []. Izzi Affidavit ¶ 8.

2. Plaintiff disputes UPS SOF ¶ 5, but only to the extent that UPS states that all cover drivers operate a different routes each day based on the needs of the operation. All cover drivers do not operated different routes every day. SDF ¶ 3-8. SDF ¶ 3-8 also directly disputes UPS SOF ¶ 13.

3. Cover drivers can drive the same route for months or even a year. Izzi 17, 53, Murphy I, 138.

4. Cover drivers can perform inside or non-driving work. Reddy 15, Murphy I, 144, Poirier 76. Cover drivers perform non-driving work when there aren't enough driving routes that need to be covered. Murphy II 57, Poirier 50, 76, Persuitte 62. If a driving route cannot be found for a cover driver, UPS will offer bid route drivers the day off so the cover driver can drive. Id. UPS asks the

more senior bid route drivers if they want the day off first. Id. & Murphy I, 136.

5. Cover drivers can do overflow work or be assigned to routes that are added because of increased volume called "spare" routes. Poirier 96-7, Reddy 15, Murphy 144-5.

6. Frank Medeiros is a cover driver in Warwick who does not drive different routes each day. Reddy 73-4, 78-9, Faidell 50-1, App. H. Medeiros delivers and/or picks up packages at airports and then does inside work as directed. Id. Frank Medeiros drives a small vehicle at least 99 percent of the time. App. H, Faidell 51, Reddy 73-4, App. I. This directly disputes UPS SOF ¶ 13 to the extent that UPS states that no single cover driver operates small vehicles for a majority of the year.

7. An unassigned or swing driver performs the same or similar functions as a cover driver. UPS Adm., Exhibit A, p.8-9, 17.

8. UPS has allowed at least 17 other package car drivers who could not get DOT Cards to drive only small vehicles as unassigned or cover drivers. UPS Adm. No. 9, Ex. A, p.8-9, 17..

9. Izzi has more seniority than a majority of cover drivers. UPS Doc. 00606-619, 2005 Bid.

10. Cover drivers are not assigned to cover routes by seniority. Poirier 79, Persuitte 73, Murphy I, 134.

11. UPS does not require cover drivers to know a certain number of routes, and there is no average number of routes that a "good" cover driver should know. Murphy I 135. Cover drivers do not have to know the route in advance of having to cover it. Persuitte 73.

12. Cover drivers drive small vehicles frequently. App. E. This directly disputes UPS SOF ¶ 13, stating that cover drivers only drive small vehicles on occasion. See also SDF ¶ 6.

13. UPS's "building cover" position can cover for drivers in all four of its centers. Persuitte 92-3. All cover drivers are called "building covers." UPS Doc. 00606-619, 2005 Bid.

14. Plaintiff disputes UPS SOF ¶ 7, but only to the extent that UPS states that Izzi did not renew his DOT Card in October 2002. Dobrzynski signed Izzi's DOT Card in October 2002. Izzi 34.

15. Plaintiff disputes UPS SOF ¶ 9, but only to the extent that UPS states that Plaintiff was removed from his package car driver position because of federal law. UPS's Diabetes Protocol allows insulin-dependent diabetics to continue driving despite the inability to get a DOT Card. App. C. Miranda told Plaintiff he could not drive because of his diabetes and Miranda was concerned about Plaintiff having the ability to be a safe driver with diabetes. App. A, ¶ 7, Souza 93. Miranda told Reddy that "We cannot let him drive the truck when he's insulin dependent. Would you want him out there where something happened to him?" Reddy 36. Reddy said, "No, God forbid." Reddy

36.

16. Plaintiff disputes UPS SOF ¶ 12, but only to the extent that UPS states that all of the fixed routes drivers that operate an under 10,001 pound vehicle have more seniority than Plaintiff. SDF ¶ 17-19.

17. Izzi has more seniority than at least one fixed bid route driver who drives a small vehicle.

18. Mr. G. Coogan has a seniority date of 5/26/1998.

19. Plaintiff's seniority date is 9/5/1996. Izzi Affidavit ¶ 7.

20. Kevin Reddy said that Plaintiff could bid on, and occupy G. Coogan's route because Izzi has more seniority than Coogan. Reddy 51-2.

21. Plaintiff disputes UPS SOF ¶ 14, to the extent that UPS states that Plaintiff gave no evidence at all that his diabetes actually limited any major life activity, much less that any such limitation was "substantial." SDF ¶ 22-23.

22. Plaintiff stated in his Answers to Interrogatories that he would die without insulin, and because of that, he would be substantially limited in several major life activities. App. G, App. B ¶ 1.

23. Plaintiff disputes UPS SOF ¶ 14, to the extent that UPS states that Plaintiff has not presented any expert testimony on the effect that his diabetes would have on him if he were not taking insulin. To the extent that the court deems this expert testimony, Dobrzynski has stated that Plaintiff would be ultimately die without insulin, and thus, he would be substantially limited in the major life activities of walking, seeing, speaking and performing manual tasks. App. D ¶ 7.

24. All package car drivers do not have to operate all vehicles. UPS Adm. 2-5.

25. UPS has allowed at least 75 package car drivers, nationwide, to drive only small vehicles. UPS Adm. 8.

26. UPS has allowed over 100 package car drivers to drive without DOT Cards. UPS Adm. 5.

27. UPS has allowed drivers to drive without DOT Cards in 32 States and in the District of Columbia. UPS Adm. No. 7.

27. In Rhode Island, there are at least 3 routes that <u>require</u> a small vehicle. App. F.

28. In Rhode Island, there are at least 8 fixed bid routes that actually use a small vehicle. App. H.

29. Reddy stated some of small vehicle fixed route drivers may have the exact same truck for 25 years. Reddy, 21, 50.

30. A package car driver can be without a DOT Card and still be performing the essential functions of the job. Murphy II 32-3.

31. UPS's package car driver job description does not include DOT certification or the ability to drive all vehicles under it's heading "essential functions." App. D, Ex. A.

32. Package car drivers of small and large vehicles deliver and pick up packages. Reddy 52, Izzi Affidavit ¶ 11.

33. Any fixed route driving on a P50 can be done on a small vehicle since all P50s have the same cubic feet of cargo space. UPS Adm. 1., Persuitte 65.

34. UPS employs the same route design systems nationwide. Poirier 27, Collier 36-7.

35. Steve Collier said that Marietta, GA, a city where a non-DOT qualified driver is allowed to drive, was similar to a Warwick or Providence, RI. Collier 76, UPS Adm., Ex. A, p. 6.

36. When Plaintiff drove during peak season 2004, he was a package car driver who basically drove the same fixed route every day in a small vehicle. Izzi Affidavit 10.

37. A fixed route package car driver generally drives the same geographic area. The actual stops for delivery and pick-up vary daily. Reddy 17, Faidell 8, 19-21, Poirier 14, 25, Persuitte 56-7. Management can still make a fixed route driver drive outside of his "area" on any given day. Murphy I, 115.

38. Work is shifted (stops moved) or from driver to drive on a daily basis. Poirier 50-1, Faidell 8, 18, 20, Persuitte 56-7.

39. Work is shifted or balanced not to provide each driver with an equal amount of stops, but so that each driver can have the same amount of planned work (including stops and driving time). Poirier 39, 50-1.

40. Routes are planned to take between 8 and 9.5 hours. Poirier 38. In reality, the time it takes a driver to complete a route can vary between less than 8 hours and 15 hours. Persuitte , A route can even be planned for less than 8 hours. Faidell 44-5.

41. Customer service takes priority over efficiency in adjusting routes and loading. Poirier 53, Faidell 54.

42. There are times when the packages planned for a particular vehicle do not actually fit.

UPS moves the excess packages to another driver. Faidell 23. This can happen 10 times a week. Faidell 24.

43. UPS has created jobs for drivers who cannot get DOT Cards and has not allowed other drivers to bid on those jobs. UPS Adm. 18.

44. UPS's current ADA protocol includes a form which allows it to create a job and keep it from the bid as an accommodation. UPS 00553-54.

45. UPS created a job outside of the bidding process for driver Jim Whittaker. Izzi Aff. ¶ 6, Reddy 66-7.

46. Jim Whittaker was paid more than the typical air driver rate, but less than a package car driver. Reddy 65-7.

47. UPS can switch vehicles on a route. Reddy 26-7, Persuitte 43-4, Poirier 78-9.

48. When drivers bid on routes, they cannot the bid does not show what size vehicle is assigned to the route. Izzi 94, Murphy I, 123.

49. If a route has a small vehicle on it, other drivers may not want to bid on it. Poirier 77, Persuitte 36, Reddy 79-80, Murphy I, 114.

50. As of the 2005 Bid, Plaintiff had enough seniority to bid on approximately 82 routes. UPS 00606-619, 2005 Bid.

51. Package cars are dispatched, on average, 60-70% full. Poirier 34, Reddy 79, Izzi 20.

52. UPS has many different sizes of vehicles. UPS 00070, 00701-706.

53. In ENE, UPS has three types of small vehicles, the P32, P47D and the P50. 00070, 00701-706.

54. The packages that fit into a large vehicle can fit into a small vehicle. Persuitte 65-6, Poirier 64-6.

55. Approximately 20 percent of the routes dispatched out of Warwick could probably be done in a P50. Poirier 65-6.

56. UPS has switched small vehicles with large vehicles for other drivers as an accommodation. UPS Adm. 10.

57. Vehicles can be moved on a district-wide basis. Persuitte 59, Poirier 69-70.

58. UPS has enough small vehicles to put one on a route for Plaintiff. Persuitte 114, Izzi Aff. Reddy 53, UPS 01030-1034.

59. Nationwide, and district-wide, UPS increased the number of small vehicles in its inventory between February and October 2003. UPS 01030-1034.

60. Some drivers are allowed to make two trips with their packages. Persuitte 60-1, Faidell 23, Poirier 54, Burke 79.

61. When UPS has unanticipated packages to pick up that a driver cannot fit into his vehicle, UPS dispatches another vehicle or makes other adjustments. Poirier 34, Faidell 60.

62. The number of routes dispatched out of Warwick varies from 210 to 315 depending on the time of year. Persuitte 54.

63. UPS has modified routes (by shifting work) for other UPS drivers who cannot get DOT Cards (and cannot drive all vehicles). UPS Adm.11.

64. UPS is a billion-dollar company with significant financial resources. UPS 00887-961, Annual Report.

65. Driving small vehicles under the UPS Diabetes Protocol does not conflict with federal DOT laws.

66. UPS has found Plaintiff qualified to drive small vehicles under its Diabetes Protocol.

67. Plaintiff disputes UPS SOF ¶ 11, but only to the extent that UPS states that Air Drivers' pay rates are the same an inside combo rates. Izzi Affidavit ¶ 12.

Plaintiff,
By his Attorneys,

Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard

Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

## CERTIFICATION

I hereby certify that a copy of the within document has been sent by mail to Lori Caron Silveira, Esq., and Timothy Bliss, Esq., Tillinghast, Licht, LLP, 10 Weybosset Street, Providence, RI 02903; Hugh F. Murray, III, Murtha Cullina LLP, City Place I, 185 Asylum St., 29th Floor, Hartford, CT 06103-3469; and Laurie Alexander-Krom, Esq., Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 on the 15th day of August 2005.