UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY D. IZZI<br>Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO: 04-321T |
| UNITED PARCEL SERVICE, INC.<br>Defendant | ) | August 19, 2005 |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO SUMMARY JDUGMENT

Federal law prohibits UPS from allowing Mr. Izzi to operate any of its vehicles that are over 10,000 pounds manufacturers gross vehicle weight. UPS has agreed to allow Mr. Izzi to operate vehicles 10,000 pounds and under ("Smaller Vehicles"). "Air Driver" positions generally use these Smaller Vehicles, but Mr. Izzi has chosen not to seek an Air Driver position. Package Car Drivers generally do not use these Smaller Vehicles. Mr. Izzi claims that Rhode Island law requires UPS to create a Package Car Driver position that exclusively uses smaller vehicles. For the reasons set forth in UPS' initial memorandum, Rhode Island law does not require UPS to create for or assign to Mr. Izzi a Fixed Route or a Cover Driver position that exclusively uses Smaller Vehicles. Mr. Izzi's arguments in his opposition papers dated August 15, 2005 do not create a triable issue on that score.

1. "Disability" Under Rhode Island Law

With the affidavit and expert report now provided to UPS concerning the potential effects of Mr. Izzi's failure to take insulin, UPS concedes that, at least for summary judgment purposes, Mr. Izzi is "disabled" under Rhode Island law and withdraws that portion of its motion for summary judgment.

2. Seniority and Fixed Routes

At page 11 of the reply papers, Mr. Izzi disingenuously implies that there is a Fixed Route Driver with less seniority than him who performs a route that Mr. Izzi could perform. The chart provided by Mr. Izzi at Appendix H shows Mr. Coogan operating a vehicle potentially operable by Mr. Izzi only 34 days out of 191 worked days. Even if Mr. Coogan actually had less seniority than Mr. Izzi and the P50 vehicle referenced there actually could have been legally operated by Mr. Izzi, Mr. Izzi could not have performed Mr. Coogan's job, which used a Larger Vehicle 92% of the time. Moreover, UPS subsequently clarified in discovery both that Mr. Coogan's seniority date was earlier than Mr. Izzi's and that the P50 vehicle referenced in that chart had a Manufacturers Gross Vehicle Weight of over 10,000 pounds. See Affidavit of Laurie Alexander Krom at 2 - 5 and attachments B and C thereto. There is no person with less seniority than Mr. Izzi who is exclusively, or even largely, operating a Smaller Vehicle on a Fixed Route. Thus, giving any such route (assuming for purposes of this motion only that one even exists) to Mr. Izzi would violate the seniority system at UPS.

3. UPS' Seniority System in Rhode Island.

Mr. Izzi additionally argues that in some manner violation of UPS' seniority system is appropriate, in spite of US Airways v. Barnett, 535 U.S. 391 (2002). Mr. Izzi and his counsel argue that because UPS has allowed people in other locations to operate exclusively Smaller Vehicles, that the seniority system governing Mr. Izzi is irrelevant. Mr. Izzi significantly ignores the fact that the seniority system in Rhode Island is governed by the New England Supplement to the National Master Agreement between UPS and the Teamsters, and that different UPS regions have different agreements and different seniority systems.

Mr. Izzi claims that the seniority system was once violated in Rhode Island in the case of a Mr. Whittaker and that therefore the seniority system may be ignored with impunity here. Izzi Memorandum at p. 12. The only evidence concerning Mr. Whittaker's situation is (1) an inadmissible hearsay statement in Mr. Izzi's affidavit and (2) a statement from Mr. Reddy's deposition. The relevant page from Mr. Reddy's deposition testimony was not provided by Mr. Izzi's counsel, but is attached as Exhibit E to the affidavit of Laurie Alexander Krom. Mr. Reddy said absolutely nothing about Mr. Whittaker's job and the seniority system.

There is simply nothing in this record indicating that violation of the seniority system is justified.

4. Cover Driver Position and Pre-Emption.

With assignment of Mr. Izzi to a Fixed Route Package Driver position foreclosed by the seniority system, there remains only a Cover Driver position. There are only two possibilities with regard to a "Smaller Vehicle Only Cover Driver Position." First, if such a

position is, as Mr. Murphy testified, a new position under the collective bargaining agreement, then reserving that position solely for Mr. Izzi would violate the seniority bidding system and therefore would not be a reasonable accommodation. Second, if in order to avoid the seniority system problem Mr. Izzi argues, as he has, that such a position is not a new position under the collective bargaining agreement, then in order to resolve this claim the Court needs to interpret the collective bargaining agreement, which it may not do. Nothing in Mr. Izzi's opposition papers gets around this fundamental barrier.

5. Frank Medieros.

Finally, Mr. Izzi claims that Frank Medeiros is a cover driver in Rhode Island who only drives small vehicles. Izzi Memorandum at p. 13. Mr. Izzi cites to App. H, the document entitled: "RI Bid Route Drivers Car Use," for support that Mr. Medeiros drove only small vehicles as a cover driver. App. H, "RI Bid Route Drivers Car Use" refers only to car use for the year 2004. The document was produced by UPS on November 29, 2004. (See affidavit of Laurie Alexander-Krom, 2). Mr. Medeiros was not a cover driver in 2004. (See 2004 Annual Bid, document number "UPS00373," attached as Exhibit D to affidavit of Laurie Alexander-Krom).

For the reasons stated above and in UPS' initial memorandum, the Court should grant UPS summary judgment.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Hugh F. Murray, III
Laurie Alexander-Krom
Murtha Cullina LLP
City Place I
185 Asylum Street, 29th Floor
Hartford, CT 06103-3469
Telephone: (860) 240-6000

Lori Caron Silveira
Timothy Bliss
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
Telephone: (401) 456-1200
Facsimile: (401) 456-1210

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Summary Judgment was mailed first-class, postage prepaid, on this 22nd day of August 2005 to:

Carly Beauvais Iafrate, Esq.
170 Westminster Street – Suite 601
Providence, RI 02903

Lori Caron Silveira
Timothy Bliss

826542-1